# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51177
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARQUETTE DESHAWN WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-260-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marquette DeShawn Wilson pleaded guilty to possession with intent to distribute cocaine and was sentenced to 168 months of imprisonment followed by a three-year term of supervised release. Wilson reserved his right to appeal the district court's denial of his motion to suppress. On appeal, Wilson contends that he has standing to contest the constitutionality of the installation and monitoring of a tracking device on his vehicle and that suppression of the cocaine is warranted because his Fourth Amendment rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51177

were violated since the tracking warrant was supported by a bare bones affidavit. When reviewing the denial of a motion to suppress, we review factual findings for clear error and conclusions of law de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

Where a suspect refuses to yield to a show of authority by the police, the suspect is not seized by the police until such time as he submits or is forced to submit to police authority. *See California v. Hodari D.*, 499 U.S. 621, 626 (1991). Because a seizure does not occur when a mere show of authority occurs, only when the suspect yields to a show of authority, the Fourth Amendment does not apply to anything that the suspect abandons while fleeing the police in an attempt to avoid a seizure. *See id.* at 629.

The undisputed facts in this case are that when law enforcement tried to stop Wilson, Wilson attempted to evade police and disposed of the cocaine during his flight. Even assuming, as Wilson contends, that the tracking warrant was obtained in violation of the Fourth Amendment and that the ensuing attempted traffic stop was somehow also illegal, the cocaine Wilson disposed of during flight was abandoned prior to his seizure and, therefore, "was not the fruit of a seizure." *Hodari D.*, 499 U.S. at 629. To the extent Wilson's argument can be read as contending that he did not voluntarily abandon the cocaine but relinquished it as a result of police misconduct, the existence of police pursuit or investigation at the time of abandonment does not of itself render the abandonment involuntary. *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973). Wilson does not actually argue police misconduct, and the record does not indicate that the police did anything other than attempt to conduct a traffic stop. As Wilson lacks standing, the district court did not err by denying his motion to suppress.

AFFIRMED.

2